# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA DE LA TORRE, | Case No. CV 12-3092 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Angelina De La Torre ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the December 29, 2009 opinion of her treating physician, Dr. Pedro M. Florescio. (Joint Stip. at 14-17.) The Court agrees with Plaintiff for the reasons stated below.

\\\

\\\

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

A.  **An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician**

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted).  The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B.  **The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Florescio's Treating Opinion**

Here, the ALJ provided two reasons for rejecting Dr. Florescio's December 29, 2009 treating opinion. (AR at 30-31; *see* 351-58.)  The Court addresses – and rejects – both reasons below.

First, the ALJ found that Dr. Florescio's opinion was "speculative."  (AR at 31.)  In support, the ALJ pointed to Dr. Florescio's belief that Plaintiff would have to miss work more than three times per month as a result of her impairments.  (AR at 31; *see* AR at 358.)

Perhaps this response is speculative, but it does not purport to be otherwise. Indeed, the questionnaire provided to Dr. Florescio disavows any pretense to objectivity, and asks the physician only to "*estimate*, on the *average*, how often

1  [Plaintiff] is *likely* to be absent from work. . . ." (AR at 358 (emphasis added).)  By
2  rejecting Dr. Florescio's response as speculative, the ALJ thus appears to have
3  misunderstood the context in which the opinion was given.  As to this reason, then,
4  the ALJ's critique misses the mark.

5  Second, the ALJ determined that most of the limitations suggested by Dr.
6  Florescio are "not supported by the treatment record." (AR at 31.)  In particular, the
7  ALJ noted that, according to Dr. Florescio's own medical records, Plaintiff had a
8  "fair response to medication with no side effects." (*Id.*)

9  It is unclear, however, how this evidence weakens Dr. Florescio's findings.
10 At minimum, to satisfy the specific and legitimate standard, the ALJ must explain
11 how specific treatment records conflict with specific portions of Dr. Florescio's
12 opinion.  *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (reasoning
13 similarly); *Magallanes*, 881 F.2d at 751 (requiring "a detailed and thorough
14 summary of . . . conflicting clinical evidence.")  Absent such necessary details, this
15 reason must also be rejected.[2/]

16 Accordingly, for the reasons stated above, the Court determines that the ALJ
17 improperly discredited Dr. Florescio's treating opinion.  The Court thus determines
18 that the ALJ's decision is not supported by substantial evidence.  *Mayes v.*
19 *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

20  C.  Remand is Warranted

21 With error established, this Court has discretion to remand or reverse and

---

23  [2/]  The Court notes that the ALJ's reasoning here is also suspect in light of the
24 relatively modest limitations suggested by Dr. Florescio.  Of the 20 limitations listed
   in the questionnaire, 12 were found to be non-existent or mild, 7 moderate, and only
25 1 marked. (*See* AR at 354-56.)  Had Dr. Florescio suggested far more drastic
26 limitations, perhaps an evidentiary inconsistency could have been inferred.  *See*
   *Magallanes*, 881 F.2d at 755 (reviewing courts may "draw inferences . . . if [they]
27 are there to be drawn.")  That the Dr. Florescio did not, then, only underscores the
28 inadequacy of the ALJ's credibility determination.

1  award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
2  useful purpose would be served by further proceedings, or where the record has been
3  fully developed, it is appropriate to exercise this discretion to direct an immediate
4  award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
5  But where there are outstanding issues that must be resolved before a determination
6  can be made, or it is not clear from the record that the ALJ would be required to find
7  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
8  *See id.* at 594.

9  Here, in light of the ALJ's error, the credibility of Dr. Florescio must be
10 properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinions and
11 either credit them as true, or provide valid reasons for any portion that is rejected.

12 Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
13 **REVERSING** the decision of the Commissioner denying benefits and
14 **REMANDING** the matter for further administrative action consistent with this
15 decision.[3/]

17 Dated: May 23, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3/]  In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 8-14, 21-23.)

4